UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.                                                       CRIMINAL ACTION NO. 3:08CR-120-S

DANIEL COBBLE                                                           DEFENDANT

## **COURT'S INSTRUCTIONS TO THE JURY**

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against any defendant is not evidence of guilt.  The defendant is presumed by the law to be innocent.  The law does not require a defendant to prove innocence or produce any evidence at all.  The United States has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

- 4 -

You must consider only the evidence that I have admitted in the case.  The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record.  It is your own recollection and interpretation of the evidence that controls.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make.  You need not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

- 5 -

Now, in saying that you must consider the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case? Did the witness have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

When the United States offers testimony or evidence that a defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the defendant made the statement and (2) if so, how much weight to give to it. In making those decisions you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

## COUNT 1

Count 1 of the indictment charges the defendant, Daniel Cobble, with a violation of Title 18, United States Code, Section 1361, which makes it a crime for anyone to injure property belonging to the United States government. For you to find the defendant guilty of Count 1 of the indictment, you must be convinced that the United States has proved each of the following elements beyond a reasonable doubt:

> First:   That the defendant injured;
>
> Second:  Property of the United States;
>
> Third:   That the damage to the property of the United States exceeded $1,000.00; and
>
> Fourth:  That the defendant acted willfully.

You will indicate your verdict on the verdict form attached to these instructions and proceed to the next instruction.

## COUNT 2

Count 2 of the indictment charges the defendant, Daniel Cobble, with a violation of Title 18, United States Code, Section 1363, which makes it a crime for anyone to destroy or injure real or personal property within the special territorial jurisdiction of the United States.  For you to find the defendant guilty of Count 2 of the indictment, you must be convinced that the United States has proved each of the following elements beyond a reasonable doubt:

<u>First</u>:     That the defendant injured;

<u>Second</u>:  A building or structure;

<u>Third</u>:    Within the special territorial jurisdiction of the United States; and

<u>Fourth</u>:  The defendant acted willfully and maliciously.

The term "special territorial jurisdiction of the United States" includes any lands reserved for use by the United States government.

You will indicate your verdict on the verdict form attached to these instructions, have your foreperson sign and date the form, end your deliberations, and return to the courtroom.

- 10 -

You will note that the indictment charges that the offenses were committed "on or about" a certain date. The United States does not have to prove with certainty the exact date of the alleged offenses. It is sufficient if the United States proves beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

The word "willfully," as that term has been used in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is, the act was committed with bad purpose either to disobey or disregard the law.

The word "maliciously," as that term has been used in these instructions, means acting intentionally or with willful disregard of the likelihood that damage will occur.

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

The defendant is on trial only for those specific offenses alleged in the indictment. Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the defendant is convicted, the matter of punishment is for the judge to determine.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will not have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.